**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VERNON NUNNERY,

        Petitioner,                  Civil No. 05-CV-60230-AA
                                          HONORABLE JOHN CORBETT O'MEARA
v.                                  UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA, et. al.

        Respondents,

_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR IMMEDIATE RELEASE**
**AND FOR JOINDER OF CLAIMS AND PARTIES**

        Vernon Nunnery, ("petitioner"), a state prisoner presently incarcerated at

the Huron Valley Men's Correctional Facility in Ypsilanti, Michigan, filed an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he

challenged his convictions for armed robbery and possession of a firearm in the

commission of a felony.  Petitioner also appeared to bring several challenges to

the conditions of his confinement.  After determining that this was a successive

challenge by petitioner to these convictions, the Court transferred the case to the

United States Court of Appeals for the Sixth Circuit for petitioner to obtain

authorization to file a successive petition for writ of habeas corpus.  The Court

dismissed any claims that would be more properly brought pursuant to 42 U.S.C.

§ 1983 without prejudice to petitioner bringing a separate civil rights action.  The

United States Court of Appeals for the Sixth Circuit subsequently dismissed

1

petitioner's case for want of prosecution. *In Re Nunnery,* U.S.C.A. 06-1142 (6th Cir. June 12, 2006).

Petitioner has now filed a motion for immediate release and a motion for joinder of parties and actions.

Petitioner's motion for immediate release is difficult to understand, but it appears as though petitioner is contending that the Sixth Circuit erred in declining to grant him permission to file a second or successive habeas petition.  A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001).  Therefore, this Court is without authority to grant petitioner relief from the Sixth Circuit's refusal to grant petitioner permission to file a successive habeas petition.

Petitioner also claims that he has been held past his maximum release date.  Petitioner does not specify when his sentences are supposed to expire. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,*323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was sentenced to twenty five to sixty years in prison for armed robbery and received a consecutive two year sentence on August 5, 1985.  Therefore, it does not appear that petitioner's sentences have expired.

2

Moreover, petitioner does not allege that he has presented any such claim to the state courts.  A claim by a state prisoner that he is being held after the expiration of his sentence is not cognizable in federal habeas review, where the claim was not raised as a federal constitutional issue before the state courts. *See Beach v. Mohr,* 27 Fed. Appx. 266, 268 (6th Cir. 2001).

A prisoner in Michigan may file a state petition for writ of habeas corpus to raise a claim that the Michigan Department of Corrections does not have authority to continue his incarceration because he has completed his prison sentence. *See Cross v. Department of Corrections,* 103 Mich. App. 409, 414, 303 N.W. 2d 218 (1981).  Although orders of denial in a state habeas corpus proceeding in Michigan are not appealable by right, these orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *Triplett v. Deputy Warden,* 142 Mich. App. 774, 779-80, 371 N. W. 2d 862 (1985).  There is no limitation on the time in which a complaint for a writ of habeas corpus may be filed, so long as the prisoner is in custody at the time that the judgment becomes effective. *Id.* at 779.  Denial of this petition by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. M.C.R. 7.301 (A)(2); M.C.R. 7.302.  Because petitioner has a state court remedy with which to seek discharge from parole on his previous convictions, petitioner needs to exhaust such a claim with the state courts before bringing a habeas action.

3

In his motion for joinder, petitioner asks to join together various claims and parties which involve claims that challenge the conditions of his confinement. The Court will deny the motion for joinder for several reasons. First, as this Court indicated in its prior opinion and order, an inmate should bring a claim challenging the conditions of confinement as a civil rights action under 42 U.S.C. § 1983. *Austin v. Bell,* 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996). The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F. 3d 710, 714 (6th Cir. 2004). This Court previously dismissed petitioner's civil rights claims without prejudice to him filing a separate action.

Moreover, in the absence of pre-filing authorization from a court of appeals, a district court lacks jurisdiction to consider any claim, including one that would not be subject to the limits on successive collateral relief applications if presented separately, in an application for a second or successive motion for post-conviction relief or habeas petition. *See United States v. Winestock,* 340 F. 3d 200, 205 (4th Cir. 2003). In the absence of any authorization from the Sixth Circuit for petitioner to file a second or successive challenge to his criminal convictions, petitioner should bring any challenges to his condition of confinement as a separate action filed pursuant to 42 U.S.C. § 1983 and not as part of this

4

action.

Moreover, petitioner's attempt to join together a number of unrelated claims and defendants into one action appears to be an attempt to avoid paying the $ 350.00 dollar filing fee for civil rights actions.  The Prison Litigation Reform Act (PLRA) was enacted to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz,* 361 F. 3d 906, 917 (6th Cir. 2004).  Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. See 28 U.S.C. § 1915(b)(1).  These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997).  The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g).  The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich,* 148 F. 3d 596, 603 (6th Cir. 1998).  The Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision. *See Patton v. Jefferson Correctional Center*, 136 F. 3d 458, 464 (5th Cir. 1998).

In the present case, petitioner has at least four prior actions which have

5

been dismissed for being frivolous, malicious or without merit. *See Nunnery v. Hynek,* U.S.D.C. No. 90-00142 (W.D. Mich. January 3, 1991); *Nunnery v. M.D.O.C., et. al.,* U.S.D.C. No. 91-00138 (W.D. Mich. November 19, 1991); *aff'd* 966 F. 2d 1453; 1992 WL 127016 (6th Cir. June 10, 1992); *Nunnery v. MI Judicial Legis., et. al.,* U.S.D.C. No. 92-00168 (W.D. Mich. June 30, 1993); *Nunnery v. Federal Communications and Aviation Boards, et. al.,* U.S.D.C. 05-72732-DT (E.D. Mich. August 16, 2005). In light of these four prior dismissals, petitioner would not be permitted to bring a challenge to his confinement without prepaying the entire $ 350.00 filing fee. The Court will not allow petitioner to engage in a "creative joinder of actions" to circumvent the "three strikes" provisions.

## ORDER

**IT IS ORDERED** that the motions for immediate release and for joinder are **DENIED.**

        s/John Corbett O'Meara
        **UNITED STATES DISTRICT JUDGE**

**Dated: August 22, 2006**

**I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 22, 2006, by electronic and/or ordinary mail.**

        s/William Barkholz
        **Case Manager, (734) 741-2488**